Williams v Fito Taxi Serv., Inc. (2018 NY Slip Op 07170)





Williams v Fito Taxi Serv., Inc.


2018 NY Slip Op 07170


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-01824
 (Index No. 708764/14)

[*1]Peter Williams, et al., respondents, 
v
Fito Taxi Service, Inc., et al., appellants.


Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for appellants.
Silberstein, Awad & Milkos, P.C., Garden City, NY (James Y. Kim of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered January 24, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Peter Williams did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff Peter Williams (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained by the injured plaintiff as a result of a motor vehicle accident that occurred on February 1, 2012, at or near the intersection of Park Avenue and Adelphi Street in Brooklyn. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court denied the motion, and the defendants appeal.
The defendants met their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine and his left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiffs raised a triable issue of fact as to whether the injured plaintiff sustained serious injuries to these body parts under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, we agree with the Supreme Court's determination to deny the [*2]defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court